IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:10-CR-86-1 |
| | § | |
| ERIC CORNELIUS WEST | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed July 19, 2011, alleging that the Defendant, Eric Cornelius West, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on February 2, 2005, before the Honorable Barbara M.G. Lynn, United States District Judge for the Northern District of Texas, after pleading guilty to the offense of bank fraud (a Class B felony). The offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 16 and a criminal history category of III, was 27 to 33 months. The Defendant was sentenced to 27 months' imprisonment, followed by 3 years' supervised release subject to the standard conditions of release,

plus special conditions to include: no new credit, financial disclosure, substance abuse counseling, gambling counseling, $329,211.46 in restitution, and a $100 special assessment.

## II. The Period of Supervision

The Defendant completed his period of imprisonment on September 25, 2009, thus, beginning his term of supervised release. On February 18, 2009, this term of supervised release was revoked and Mr. West was sentenced to 10 months imprisonment to be followed by 2 years supervised release. On August 6, 2010, jurisdiction was transferred to the Honorable Marcia A. Crone, U.S. District Judge in the Eastern District of Texas.

## III. The Petition

United States Probation filed a Petition for Warrant for Offender under Supervision on July 19, 2011 alleging four violations.

## IV. Proceedings

On May 15, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the second allegation, which asserted that he violated a standard condition of supervised release, to wit: "The defendant shall not leave the judicial district without permission of the Court or probation officer." The petition alleged that on July 13, 2011, the Defendant was arrested in Balcones Heights, Texas for the offenses of fraudulent use or possession of identifying information, and forgery. As noted

by this arrest, West traveled outside the Eastern District of Texas without permission of the Court or his probation officer.

The undersigned recommends that the Court should revoke the Defendant's supervised release and impose a sentence of six (6) months' imprisonment, with no term of supervised release to be imposed thereafter.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class B felony; therefore, the maximum imprisonment sentence is 3 years. However, since Mr. West was previously revoked for 10 months, the new maximum term of imprisonment is 26 months.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by leaving the Eastern District of Texas without permission of the Court or the probation officer, West will be guilty of committing a Grade C violation. In the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by leaving the Eastern District of Texas without permission of the court or his probation officer. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is III. Policy guidelines suggest 5 to 11 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by entering and re-entering the United States on several occasions. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of

punishment, deterrence and rehabilitation will best be served by a six (6) month term of incarceration.

Furthermore, according to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Under U.S.S.G. § 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment that can be imposed upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by the same statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The undersigned finds that the six (6) month term of imprisonment is adequate, and does not recommend a term of supervised release.

### VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by traveling outside the Eastern District of Texas without permission of the court or his probation officer.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of six (6) months, with no term of supervised release thereafter.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 16th day of May, 2012.

Zack Hawthorn
United States Magistrate Judge